# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:10cv203

| | |
|---|---|
| YVETT C. RUDOLPH, | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| BUNCOMBE COUNTY GOVERNMENT; AMANDA STONE; MARTIN "MARTY" PHILLIPS; and ANN LUNSFORD, | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on plaintiff's "Motion to Strike Defendant's Negative Averments of 'Misconduct['] and 'Negligence' from Answer (#25).[1] Apparently, plaintiff asks the court to strike language as to negligence and misconduct found in the defendant's Eighth Defense, which provides as follows:

<u>EIGHTH DEFENSE</u>
The actions complained of are due entirely to Plaintiff's own misconduct and/or negligence. Accordingly, she is barred from recovery in this action under equitable principles, including unclean hands and estoppel.

Answer, at 3. There simply is no basis to strike such affirmative defense as Rule 12(f), Federal Rules of Civil Procedure, only allows the striking of "an insufficient

---

[1] Such Motion to Strike is referred to the undersigned for disposition by order in accordance with the *Standing Order*, 1:11mc1 (W.D.N.C. Jan. 19, 2011) (¶ 2(A)(2)).

-1-

defense or any redundant, immaterial, impertinent, or scandalous matter." The defense asserted by defendants is sufficient on its face and cannot be considered as asserting any improper matter as the alleged misconduct and negligence referenced finds support in the exhibits annexed by plaintiff to her own Complaint. The motion will, therefore, be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's "Motion to Strike Defendant's Negative Averments of 'Misconduct['] and 'Negligence' from Answer (#25) is **DENIED.**

Signed: March 1, 2011

Dennis L. Howell
United States Magistrate Judge