IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv203

| | |
|---|---|
| YVETT C. RUDOLPH, ) ) Plaintiff, ) ) vs. ) ) BUNCOMBE COUNTY GOVERNMENT,) *et. al.*, ) ) Defendants. ) ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Reply to Answer, Motion for Summary Judgment and Memorandum of Law in Support Thereof [Doc. 20] and the Defendant's Motion to Strike or, in the Alternative, for an Extension of Time [Doc. 22].

**PROCEDURAL HISTORY**

On September 20, 2010, the Plaintiff, who proceeds *pro se*, initiated this action for employment discrimination based on the Defendants' alleged failure to provide reasonable disability accommodations, hostile work environment, wrongful discharge, and promissory estoppel. [Doc. 1]. Three days later, she

1

moved for partial summary judgment before the Defendants had been served. [Doc. 3]. That motion was denied as premature. [Doc. 4].

On December 29, 2010, the Defendants filed their Answer which included affirmative defenses. [Doc. 19]. The Answer did not include counterclaims against the Plaintiff. [Id.]. The Plaintiff, however, construed the Answer as containing counterclaims and filed a Reply. [Doc. 20]. She also included in that pleading a motion for summary judgment, claiming that the allegations of her Complaint entitle her to judgment as a matter of law. [Id.]. In response to the Defendants' opposition to the Reply, the Plaintiff has acknowledged that a reply was unnecessary and has asked for leave to withdraw it. [Doc. 24]. That request will be allowed. The Plaintiff does not request, however, that the motion for summary judgment contained therein be withdrawn. [Id.].

## DISCUSSION

On January 18, 2011, the Magistrate Judge entered a Pre-Trial Order and Case Management Plan which prescribed the deadlines by which the parties are to litigate this action. [Doc. 23]. The deadline to complete discovery in this action is September 1, 2011. [Id.]. The Plaintiff has therefore moved for summary judgment a second time before discovery has been

2

completed. Her memorandum in support of such relief contains conclusory allegations and fails to properly support any assertions of fact. Fed.R.Civ.P. 56(e).

The Court finds that the Plaintiff's second motion for summary judgment is also premature. Mikolon v. United States, 2011 WL 1639251 (N.D.W.Va. 2011). Although the Plaintiff proceeds in a *pro se* capacity, she must abide by the terms, provisions, and deadlines contained within the Pre-Trial Order and Case Management Plan. The Defendants are entitled to conduct discovery prior to being compelled to respond to a motion for summary judgment. Williams v. Calton, 2011 WL 320813 (W.D.Va. 2011), *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (noting that a *pro se* plaintiff was entitled to engage in discovery before having to defend a motion for summary judgment). "Summary judgment may only be entered after 'adequate time for discovery.'" Temkin v. Frederick County Comm'rs, 945 F.2d 716, 719 (4th Cir. 1991), *certiorari denied* 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992), *citing* Celotex, supra.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Reply to Answer [Doc. 20] is hereby deemed **WITHDRAWN**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 20] is hereby **DENIED** without prejudice as premature.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Strike or, in the Alternative, for an Extension of Time [Doc. 22] is hereby **DENIED** as moot.

Signed: May 16, 2011

Martin Reidinger
United States District Judge