IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv203

| | | |
|---|---|---|
| YVETT C. RUDOLPH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BUNCOMBE COUNTY GOVERNMENT, AMANDA STONE, MARTIN "MARTY" PHILLIPS, and ANN LUNSFORD, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiff's *pro se* Motion to Terminate or Limit Examination of Pro Se Plaintiff by Defendants [# 35]. Plaintiff brought this action against Defendants asserting a number of claims. Plaintiff now requests an Order from the Court terminating the Plaintiff's deposition and appointing her counsel. The Court **DENIES** Plaintiff's motion [# 35].

I. Analysis

In civil cases, the appointment of counsel is only warranted in exceptional cases. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Manship v. Trodden, 273 F. App'x 247, 248 n.1 (4th Cir. 2008) (unpublished). This is not an exceptional case, and Plaintiff is not entitled to the appointment of counsel at the Government's expense. Accordingly,

the Court **DENIES** Plaintiff's motion [# 35] to the extent Plaintiff seeks the appointment of counsel.

Rule 30(a) of the Federal Rules of Civil Procedure provides that a party may depose another party without leave of Court unless one of the exclusions contained in Rule 30(a)(2) applies. Fed. R. Civ. P. 30(a)(1). It does not appear that any of the provision of Rule 30(a)(2) are applicable to this case. The deponent, however, may move to terminate or limit a deposition if it is "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3). Plaintiff has not shown that Defendants are conducting the deposition in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses Plaintiff. Plaintiff initiated this action against Defendants. A party may not file a complaint and then argue that allowing the defendant to take his or her deposition is improper. To the contrary, deposing Plaintiff is a necessary component of this case. Accordingly, the Court **DENIES** Plaintiff's motion [# 35] to the extent she seeks to terminate her deposition.

II.     Conclusion

The Court **DENIES** the Motion to Terminate or Limit Examination of Pro Se Plaintiff by Defendants [# 35].

Signed: September 6, 2011

Dennis L. Howell
United States Magistrate Judge