# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE CITY DIVISION

## CIVIL CASE NO. 1:10cv203

| | |
|---|---|
| YVETT RUDOLPH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BUNCOMBE COUNTY GOVERNMENT,)<br>AMANDA STONE, MARTIN "MARTY" )<br>PHILLIPS, and ANN LUNSFORD, )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendants' Motion for Summary Judgment [Doc. 49].

The Plaintiff appears in this matter *pro se.* As a result, the Court will provide the notice dictated by the United States Fourth Circuit Court of Appeals in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

The Plaintiff is cautioned that she carries a heavy burden in responding to a motion for summary judgment. Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The Rule

provides:

> A party asserting that a fact ... is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence ... of a genuine dispute[.]

Fed.R.Civ.P. 56(c)(1).

Finally, the Rule provides that if "a party fails to properly ... address another party's assertion of fact," the Court may grant summary judgment if the motion and supporting materials show that the moving party is entitled to it. Fed.R.Civ.P. 56(e)(3).

This language means that if the Plaintiff has any evidence to offer to show that there is a genuine issue for trial, she must now present it to the Court in a form which would otherwise be admissible at trial; that is, in the form of the materials of record recited above or in the form of affidavits or unsworn declarations. An affidavit is a written statement made under oath; in other words, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted.

Materials of record, affidavits and/or statements must be presented, if at all, by the Plaintiff to this Court on or before November 7, 2011. As stated in Rule 56(e)(3), the Plaintiff's failure to respond may result in the entry of summary judgment in favor of the Defendants.

**IT IS, THEREFORE, ORDERED** that the Plaintiff may respond in accordance with Federal Rule of Civil Procedure 56 on or before November 7, 2011.

Signed: October 20, 2011

Martin Reidinger
United States District Judge