# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv203

| | |
|---|---|
| YVETT C. RUDOLPH, ) ) Plaintiff, ) ) v. ) ) BUNCOMBE COUNTY ) GOVERNMENT, AMANDA STONE, ) MARTIN "MARTY" PHILLIPS, and ) ANN LUNSFORD, ) ) Defendants. ) _____ ) | **ORDER** |

Pending before the Court are Plaintiff's *pro se* Motion for Reconsideration [# 39], Motion to Compel Discovery [# 41], and Motion for Extension of Time to Edit/Change Plaintiff's Testimony [# 45]. Plaintiff brought this action against Defendants asserting a number claims, including claims under the Americans with Disabilities Act, arising out of the termination of her employment. After Defendants deposed Plaintiff, she filed a number of motions requesting various relief. Upon a review of the record in this case, the parties' briefs, and the transcript from the deposition, the Court **DENIES** the motions [# 39, # 41, & # 45].

I. **Background**

1

Defendants noticed the deposition of Plaintiff for August 11, 2011, at 10:30 a.m. On the day of the scheduled deposition, Plaintiff filed a Motion to Terminate or Limit Examination of Pro Se Plaintiff. In her motion, Plaintiff stated that Defendants were conducting the deposition in bad faith and in such a manner as to annoy, embarrass, or oppress her. Plaintiff also requested the appointment of counsel. The parties, however, continued the deposition as scheduled. Subsequently, the Court denied Plaintiff's motion. (Order, Sept. 6, 2011.)

After the completion of the deposition, Plaintiff moved for a protective order limiting or striking several exhibits to her deposition, as well as some of the testimony that she claims is irrelevant. In addition, Plaintiff claimed that counsel for Defendants used the deposition to oppress and embarrass her in violation of the Federal Rules of Civil Procedure. After reviewing the entire transcript of the deposition, the Court denied Plaintiff's motion. (Order, Oct. 5, 2011.) The Court held that Plaintiff failed to object to the questions of counsel during the course of the deposition. (Order, Oct. 5, 2011, at 2.) In addition, the Court held that:

> a review of the deposition transcript does not reveal abusive or oppressive behavior on the part of counsel for Defendants. In fact, in light of the lengthy and nonresponsive answers Plaintiff gave to many of counsel's questions, the Court finds that counsel's conduct was professional and appropriate. As the Court explained in a prior Order, "deposing Plaintiff is a necessary component of this case." (Order, Sept. 6, 2011.) Having brought this action, Plaintiff must abide by the Federal Rules of Civil Procedure and participate in the discovery process.

(Id. at 3.)

Meanwhile, Plaintiff moved for reconsideration of the Court's Order denying her motion to terminate the deposition. She also moved to compel discovery from Defendants and for an extension of time to edit or change the testimony she gave during the deposition. Both motions contain allegations of misconduct on the part of counsel for Defendants. Specifically, she contends that her deposition testimony was altered and that questions were included in the transcript that were not in fact asked by counsel during the course of the deposition. She also contends that counsel is withholding and concealing evidence and has "concealed and avoided the identity of the worker who replaced the Plaintiff . . . following her discharge . . . ." ( Pl.'s Mot. Compel at 4.) Plaintiff's various motions are now properly before the Court.

**II. Analysis**

**A.   Plaintiff's Motion to Reconsider**

Plaintiff moves the Court to reconsider its Order denying her motion to terminate her deposition. Reconsideration of a prior order is appropriate where: "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." Akeva, L.L.C. v. Addidas America,

3

Inc., 385 F. Supp. 2d 559, 565-66 (M.D.N.C. 2005); see also Carolina Internet, Ltd v. TW Telecom Holdings, Inc., No. 3:11cv00310, 2011 WL 4459204 (W.D.N.C. Sept. 26, 2011) (Mullen, J.).

Rule 30(d) provides that a deponent may move to terminate or limit a deposition if it is "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3). The deposition in this case, however, has already been conducted. As a result, Plaintiff's request to terminate the deposition is moot. To the extent that Plaintiff wants this Court to find that counsel for Defendant took the deposition to annoy, embarrass, or oppress her, the Court has already held that counsel engaged in no such conduct. (Order, Oct. 5, 2011, at 2-3.) As the Court explained in its prior Order, "a review of the deposition transcript does not reveal abusive or oppressive behavior on the part of counsel for Defendants." (Id. at 3.) Accordingly, reconsideration of the Court's prior Order is not warranted in this case as there has been no intervening change in the controlling law or the discovery of new evidence, and reconsideration is not needed to correct clear error or prevent manifest injustice. See Akeva, 385 F. Supp. 2d at 565-66. The Court **DENIES** the Motion for Reconsideration [# 39].

    **B.**    **Plaintiff's Motion to Compel**

Discovery in this case closed September 1, 2011. (Order, Jan. 18, 2011.) On September 21, 2011, twenty days after the close of discovery, Plaintiff moved to compel Defendants to produce a number of documents. Generally, a party must move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely. See Days Inn Worldwide, Inc. v. Sonia Invs., 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (collecting cases); Lane. v. Lucent Techs., Inc., No. 1:04cv789, 2007 WL 2079879 (M.D.N.C. Jul. 13, 2007); but see Greene v. Swain Cnty P'ship for Health, 342 F. Supp. 2d 442, 449 (W.D.N.C. 2004) (denying motion to compel as untimely filed after the close of discovery and after the motions deadline). Because Plaintiff filed her Motion to Compel after the close of discovery, it is untimely.

Even assuming that Plaintiff's motion is timely, Plaintiff is not entitled to the relief she requests. Plaintiff moves to compel the production of documents that are not in the custody or control of Defendants, are protected by an applicable privilege, have already been produced, or do not exist. Finally, the Court finds that Plaintiff has made unsupported allegations of misconduct on the part of counsel for Defendants in her Motion to Compel. Not only are the allegations unsubstantiated, but they appear to be false. The Court **INSTRUCTS** Plaintiff that if she makes such unsubstantiated allegations of misconduct against counsel for Defendants in

5

the future, the Court will consider striking the pleading in which the allegations are contained. The Court **DENIES** Plaintiff's Motion to Compel Discovery [# 41].

### C. Plaintiff's Motion for Extension of Time to Edit Plaintiff's Testimony

Rule 30(e) provides that upon the request of the deponent prior to the completion of the deposition, the deponent may have thirty days after being notified by the officer that the transcript is available to review the transcript and sign a statement listing all changes and reasons for making the changes. Fed. R. Civ. P. 30(e)(1). "The procedural requirements of Rule 30(e) are clear and mandatory." EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 265 (3rd Cir. 2010). Thus, a deponent may only submit changes to the deposition if he or she requests review before the deposition is completed. Id.; Rios v. Bigler, 67 F.3d 1543, 1551 (10th Cir. 1995).

Plaintiff failed to request review of the deposition prior to its completion. Instead, Plaintiff waited over a month after the completion of the deposition to request that the Court extend the time for her to review the transcript and submit her changes. The procedural requirements of Rule 30(e)(1), however, are clear and mandatory, and, having failed to comply with the Rule's procedural requirements, Plaintiff may not now submit her changes. Accordingly, the Court **DENIES** Plaintiff's Motion for Extension of Time to Edit/Change Plaintiff's Testimony [#

45].

### III. Conclusion

The Court **DENIES** Plaintiff's Motion for Reconsideration [# 39], Motion to Compel Discovery [# 41], and Motion for Extension of Time to Edit/Change Plaintiff's Testimony [# 45].

Signed: November 4, 2011

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge